CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

March 12, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Criminal Action No.: 1:24-CR-17-011** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RUSSELL ERIC STILTNER,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Court Judge** |
| **Defendant.** | ) | |

<u>**MEMORANDUM OPINION**</u>

The Bail Reform Act authorizes a magistrate judge to release a criminal defendant conditioned upon an agreement that the defendant appear in court and comply with the conditions of release. This agreement, known as an appearance bond, is not a form of punishment, and its forfeiture for noncompliance or failure to appear should not serve a punitive purpose. *United States v. Kirkman*, 426 F.2d 747, 752 (4th Cir. 1970). The magistrate judge may revoke the bond of a defendant who fails to appear or violates a condition of release. 18 U.S.C. § 3148. The magistrate judge may also order the forfeiture of a revoked bond and set aside the entire forfeited amount. But, a magistrate judge order of forfeiture which sets aside less than the entire bond amount is only valid if adopted by the district court. *U.S. v. Plechner*, 577 F.2d 596, 598 (9th Cir. 1978). While not a dispositive issue of a claim or defense in a criminal case, a bond forfeiture entered by a magistrate judge that imposes a financial obligation on the defendant (whether by forfeiture or default judgment) may impact the final disposition of the charged offense and must be approved by the district judge. Thus, the imposition of a financial obligation on a criminal defendant must be addressed through a report and recommendation.

Here, Defendant Russell Eric Stiltner failed to appear for a bond status hearing on August 26, 2024, and the magistrate judge ordered the forfeiture of his $25,000 unsecured appearance bond. Stiltner moved to set aside or to remit some or all of the forfeited amount. The magistrate judge set aside all but $1,000 and entered judgment in that amount for the United States, despite the government not seeking a judgment under the bond. Stiltner entered a guilty plea to Count 1 of the Indictment shortly after the magistrate judge revoked his appearance bond. At sentencing, I set aside the forfeited bond and the associated judgment entered by the magistrate judge. This memorandum opinion provides my reasoning.

## I.    <u>Background</u>

The Government indicted Stiltner with conspiracy to defraud the United States (Count I), fraud against the United States in connection with emergency unemployment benefits (Count XI), and mail fraud (Count XIX) in a wide-ranging, multi-defendant case involving the wrongful application for and award of COVID-19 unemployment benefits. The magistrate judge released Stiltner pre-trial on a $25,000 unsecured appearance bond on July 25, 2024. Dkt. 287. The bond required that Stiltner "appear in court as required and . . . [that he] must next appear . . . on August 26, 2024, at 1:30 p.m." Dkt. No. 288. The bond admonished Stiltner that "[v]iolating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court." *Id.*

Stiltner failed to appear at his August 26, 2024 bond review hearing. The magistrate judge issued a bench warrant, and on September 6, 2024, Stiltner was arrested. The magistrate judge held a bond revocation hearing on September 23, 2024. She found Stiltner violated the terms of his appearance bond, revoked the bond, and ordered him detained and that he forfeit the

$25,000 unsecured bond. Dkt. 385. The magistrate judge's forfeiture order gave Stiltner seven days to file a motion to remit the forfeiture and allowed the Government seven days to respond. Stiltner timely filed a Motion to Remit or Set Aside Bond Forfeiture in Part under Rules 46(f)(2) and 46(f)(4) "such that the forfeiture is limited to a more modest amount such as $100 to $500." Dkt. No. 393. The Government did not respond to Stiltner's motion and did not seek enforcement of the bond forfeiture under Rule 46(f)(3). The magistrate judge entered an Order of Remittitur and Judgment on March 3, 2025, remitting all but $1,000 of Stiltner's bond forfeiture. Dkt. 571, 573.

## II.  Analysis

The Fourth Circuit has not addressed whether a magistrate judge has the authority to enter a final order on a bond forfeiture which does not set aside the entire amount, or whether the magistrate judge may enter a default judgment in favor of the United States against a criminal defendant. The Ninth Circuit is the only circuit to address this issue, holding that magistrate judges lack the authority to enter a final order adjudicating a bond forfeiture without district court approval. *See Plechner,* 577 F.2d at 598. The court held in *Plechner* that "[a] forfeiture ordered by a magistrate is valid if adopted by the district court." *Id.* (citing *Untied States v. Ritte,* 558 F.2d 926 (9th Cir. 1977)). There, the district court enforced the magistrate judge's forfeiture order only after adopting and reiterating it. Since *Plechner*, magistrate judges addressing the amount of a forfeited bond to set aside have done so through a report and recommendation. *See United States v. Alrahib,* 627 F.Supp.3d 1288 (2022) (a magistrate judge issued a report and

recommendation instead of an order due to the Eleventh Circuit's lack of guidance on whether magistrates can declare a bond forfeited).[1]

The Ninth's Circuit's finding is supported by the legislative history of the Federal Magistrates Act which suggests that district courts *may assign* magistrate judges additional duties including "the exoneration or forfeiture of bonds in criminal cases." S. Rep. No. 625, 94th Cong., 2d Sess. 10; H.R. Rep. No. 1609, 94th Cong., 2d Sess. 12 (1976). Such assignments come under 28 U.S.C. § 636(b)(3) and permit a court to assign "such additional duties as are not inconsistent with the Constitution and laws of the United States." Here, the magistrate judge's reappointment order authorizes her to perform duties under 28 U.S.C. § 636(a) and (b). Specifically, it provides "[t]o the extent not previously specified, the United States Magistrate Judge is authorized to perform all other functions and duties as may be permitted under any statute of the United States, by the federal rules, or by local rules of this court." *Standing Order In the Matter of the Reappointment of Pamela Meade Sargent United States Magistrate Judge for the Western District of Virginia*, June 25, 2021.

---

[1] The Court found no cases where a magistrate judge issued a final forfeiture order on a criminal appearance bond, secured or unsecured, against a defendant or their surety. Instead, magistrate judges have addressed these issues through a report and recommendation, leaving final bond forfeiture decisions to district court judges. *See United States v. Balbuena*, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009); *United States v. Morris*, No. 2:17-CR-40, 2018 WL 1865889, at *3 (S.D. Ga. Feb. 13, 2018), *report and recommendation approved*, No. 2:17-CR-40, 2018 WL 1863651 (S.D. Ga. Apr. 18, 2018); *United States v. Mustafa*, No. 7:12CW32-2, 2013 WL 5873284, at *1 (W.D. Va. Oct. 30, 2013); *United States v. Vasquez-Velasquez*, No. 116CR00093LJOSKO, 2016 WL 5874840, at *2 (E.D. Cal. Aug. 24, 2016), *report and recommendation adopted*, No. 116CR00093LJOSKO, 2016 WL 5870727 (E.D. Cal. Oct. 6, 2016); *United States v. Perez-Verdugo*, No. 13-CR-00528-BEN-1, 2019 WL 6218782, at *2 (S.D. Cal. Nov. 21, 2019), *report and recommendation adopted*, No. 13-CR-528-BEN, 2020 WL 231092 (S.D. Cal. Jan. 15, 2020); *United States v. Morris*, No. 4:24-CR-70-2, 2025 WL 466620, at *1 (S.D. Ga. Jan. 23, 2025), *report and recommendation adopted*, No. 4:24-CR-70-2, 2025 WL 460746 (S.D. Ga. Feb. 11, 2025).

The magistrate judge, pursuant to § 636(b)(3), may render an initial decision on a bond forfeiture and set aside, but "the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections were timely filed." Fed. R. Crim. P. 59 Advisory Committee's Notes to 2005 Adoption. This discretionary review aligns with the Supreme Court's ruling in *Thomas v. Arn*, 474 U.S. 140, 154 (1985). *See also Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). Notably, the Supreme Court stressed that "[a] magistrate acts 'under the supervision of the district judges' when he accepts a referral, and that authority for making final decisions remains at all times with the district judge." *Mathews*, 423 U.S. at 270 (quoting S.Rep.No.371, 90th Cong., 1st Sess., 12 (1967)). The district court must review and adopt (or not) a magistrate judge's decision to impose a full or partial bond forfeiture on a criminal defendant.

Magistrate judges occupy a unique position to consider the forfeiture of a bond and what amount, if any, to set aside. They see the defendant at the initial appearance and make the important decision of whether to admit that defendant to bail, and if so, under what conditions. The magistrate judge addresses a criminal defendant's violations of any conditions of release and decides whether revocation, forfeiture, or setting aside the forfeiture are warranted.

Ultimately, the magistrate judge lacks the authority in this criminal case to enter a monetary award in favor of the United States – whether by way of forfeiture or judgment. If a magistrate judge does not set aside a forfeiture in full, the final decision of the extent of the bond forfeiture rests with the district judge. To hold otherwise would infringe upon the decisions a district court must exercise where appropriate in the disposal of the charges against a defendant.[2]

---

[2] That the order by the magistrate judge is not final until adopted by the district court is consistent with Fed. R. Crim. P 46(i) which allows the court to dispose of a charged offense by forfeiture of an appearance bond for failure to appear "if a fine in the amount of the property's value would be

Accordingly, a magistrate judge may enter an order under Rule 46(f) to forfeit a bond for a violation of a bond's condition and may set aside the forfeiture in full. But, a magistrate judge's order to partially set aside or remit a defendant's bond becomes final only when accepted by the district court. A decision which results in a financial obligation by a criminal defendant either by forfeiture or default judgment under Rule 46(f)(3)(A) may be handled by the magistrate judge on a report and recommendation basis. Here, I treat the magistrate judge's Order of Remittitur and Judgment as a report and recommendation.

When a magistrate judge issues a report and recommendation, a court reviews *de novo* the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). In the absence of objections, the district court reviews the report and recommendation for clear error. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the report and recommendation. *Id.* Neither Stiltner nor the Government objected to the magistrate judge's order to set aside all but $1,000.00 of the bond and to enter judgment in favor of the United States in that amount. So I review the magistrate judge's Order of Remittitur and Judgment for clear error.

The Bail Reform Act of 1984, 18 U.S.C. § 3148(b) empowers a district court to revoke release if it finds: (1) probable cause that the defendant committed a crime while on release or clear and convincing evidence of another release violation, and (2) that no conditions can prevent flight or danger to others, or that the defendant is unlikely to comply with any conditions. 18

---

an appropriate sentence for the charged offense." Fed. R. Crim. P. 46(i)*; see also 18 U.S.C. § 3146(d).*

U.S.C. § 3148; *see also United States v. Santiago*, 826 F.2d 499, 504 (7th Cir. 1987). Bond

forfeiture proceedings are governed by Rule 46. Stiltner moves for the court to set aside or remit

his forfeit bond under Rules 46(f)(2) and 46 (f)(4).

Under Rule 46(f), a court must forfeit a bond if a defendant violates a condition,

including failure to appear. *See* Fed. R. Crim. P. 46(f). The court may later set aside the

forfeiture, in whole or in part, if "justice does not require" forfeiture. *Id*. If the forfeiture stands,

the court may enter a default judgment only upon the government's motion. *Id*. Remittitur under

Rule 46(f)(4) is permitted only after a default judgment. Here, the government did not move for

default judgment. Thus, remittitur under Rule 46(f)(4) was improper, and the magistrate judge

erred to the extent her order relied on it.

Under Rule 46(f)(2), whether a bond forfeiture should be set aside in the interests of

justice is entrusted to the sound discretion of the district court. *Kirkman*, 426 F.2d at 751. In

determining whether justice requires a forfeiture be set aside or remitted, courts consider factors

including "(1) the willfulness of the breach, (2) the expense, inconvenience, and delay to the

government, and (3) any other mitigating circumstances." *Id* at *1. *See also United States v.

Mattero,* 752 F. Supp. 2d 78, 80 (D. Me. 2010) (citing *United States v. Dolton*, 909 F.2d 650,

657 (1st Cir. 1990); *United States v. Cervantes,* 672 F.2d 460, 461 (9th Cir. 1982)). The party

seeking a remittitur bears the burden of establishing that justice does not require forfeiture.

*United States v. Logan*, 2009 U.S. Dist. LEXIS 48178, *2 (S.D.Cal. 2009) (citing *Cervantes,* 672

F.2d at 461).

Considering the record and circumstances of this case, I find the factors support setting

aside the forfeiture in whole. Stiltner willfully violated the Court's release conditions by failing

to appear for his bond review hearing. However, the record does not demonstrate that Stiltner's

actions caused the Government any significant expense or prejudice in the prosecution of its case. Authorities arrested him ten days after he missed his August 26, 2024 hearing and he promptly signed a plea agreement six days after his arrest. Thus, the only harm to the Government was a short delay which did not affect the trial or any other aspect of this case. Further, Stiltner has limited resources, making the $25,000 bond amount excessive, punitive, and inappropriate. At sentencing, the Court ordered Stiltner to pay restitution of $16,898 and found that he lacked the financial ability to pay a fine or to pay interest on the restitution amount. Ultimately, the purpose of enforcing a bond is to ensure the defendant appears at trial, not to exact a measure of punishment. *See Kirkman,* 426 F.2d at 752. *See also United States v. Famiglietti*, 548 F. Supp. 2d 398, 407 (S.D. Tex. 2008). Requiring Stiltner to pay the forfeited bond when he financially does not have the means to pay a fine and where the Government never sought enforcement under Rule 46(f)(3)(A) would be unjust. Accordingly, I set aside the $25,000 forfeiture and **GRANT** Stiltner's motion.

Entered:  March 12, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge